The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer-Employee relationship existed between the Plaintiff and the Defendant-Employer.
3. The Defendant-Employer is self-insured with Key Risk Management Services serving as the servicing agent.
4. Plaintiff's average weekly wage as set forth on the Form 22 is $441.46, which yields a compensation rate of $294.32 per week.
5. Plaintiff is alleging an injury by accident on March 4, 1996, arising out of and in the course of the employment when he injured his left knee while playing basketball at the Defendant-Employer's facility.
6. The Defendant-Employer has denied liability.
7. Plaintiff is seeking temporary total disability benefits from March 4, 1996 through July 8, 1996, medical expenses and a rating, if any.
8. The issues to be determined by the Commission are (1) whether Plaintiff in fact suffered an injury by accident, and (2) did the accident arise out of and in the course of the employment.
******************
The Full Commission adopts the findings of fact of Deputy Commissioner Garner as follows:
FINDINGS OF FACT
1. Plaintiff has been employed for eight years with the Defendant-Employer and has served for one and one-half years with the P.E.R.T. team. He was injured on March 3, 1996 while participating in leisure activities at Umstead Correctional Facility. He was playing basketball.
2. He is a correctional officer normally employed at the Warrenton Correctional Facility. He attends special training for the P.E.R.T. team at Umstead. P.E.R.T. is an acronym for Prison Emergency Response Team.
3. Plaintiff had been trained for the P.E.R.T. team at Umstead on other occasions. He would drive his vehicle to the Warrenton County Correctional facility then ride in a State vehicle to Umstead. He would be returned to his vehicle after the two day training session in a State vehicle. While at Umstead he would be allowed to leave for supper after the day's training session was completed, but unless he received special authorization from Superintendent Smiley which was only given under special circumstances, plaintiff had to spend the night at the Umstead Facility. These were normally two day training sessions.
4. The P.E.R.T. team was organized as a type of military or paramilitary type division. The team would be first responders to prison crisis. The team members were screened for inclusion. They were also available for promotion within the ranks of the P.E.R.T. team.
5. After a day's training the officers were called to formation and then dismissed for the day. They were allowed to play cards, play basketball, watch television or go to sleep. Team members were allowed to leave the facility for dinner but were prohibited from consuming alcohol.
6. Plaintiff indicated that although he would have rather lifted weights, he played basketball because it would allow him to meet others in the P.E.R.T. team. It would allow him to get to know the guys with whom he would find himself in a crisis situation as a P.E.R.T. team member.
7. The P.E.R.T. team is a special elite team selected by division prisons to go in and handle major emergencies that these facilities cannot handle. Members are specially trained to be close knit. Bonding is very important so that team members can protect and cover each other in crisis situations. Physical fitness is an attribute desired by P.E.R.T. team peers and supervisors. P.E.R.T. team members need to be in good shape. Basketball is one means of becoming or staying physically fit.
8. On March 4, 1996, at about 5:30 P.M., after the team had been dismissed from the training session but while still at the facility and with other team members, Plaintiff injured his knee. Plaintiff and other P.E.R.T. team members were playing basketball at Umstead, when as Plaintiff drove for a lay-up, he was undercut or bumped and came down on the leg wrong injuring his knee. He was immediately transported for treatment.
9. Plaintiff missed work from March 4, 1996 through July 8, 1996. He has medical and other expenses and may have a permanent partial disability rating.
******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
Considering all the circumstances including those requiring Plaintiff's presence at Umstead and limiting his activities, Plaintiff was acting in the course and scope of his employment with defendant-employer when on March 4, 1996 he suffered an injury by accident to his knee. N.C.G.S. § 97-2(6).
******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay temporary total disability benefits to Plaintiff at the rate of $294.32 per week from March 4, 1996 through July 8, 1996. This compensation has accrued and shall be paid to Plaintiff in a lump sum subject to the attorney's fee hereinafter awarded.
2. Defendant shall pay all medical expenses incurred by Plaintiff as a result of this injury.
3. An attorney's fee in the amount of 25% of the award is hereby approved for Plaintiff's counsel. Said amount shall be deducted from the aforesaid award and shall be paid directly to Plaintiff's counsel.
4. Since Plaintiff has not been rated at this time, any issue regarding permanent partial impairment shall be deferred until Plaintiff is rated. Once Plaintiff is rated, counsel is encouraged to confer and attempt to resolve that issue. However, in the event that the parties are unable to resolve the issue of permanent partial impairment, either party may request a hearing on that matter.
5. Defendant shall pay the costs due this Commission.
 S/ ___________________________ WANDA BLANCHE TAYLOR DEPUTY COMMISSIONER
CONCURRING:
S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
S/ ___________________________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
WBT/cbd